UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,  :
:   No. 12-MC-00169
                      Applicant,  :
:
  -against-  :
:
CRAIG P. KENNEDY,  :
:
                      Respondent.  :
:
---------------------------------------------------------------- x

## RESPONDENT'S MEMORANUDM OF LAW IN OPPOSITION TO APPLICANT'S MOTION TO COMPEL

Respondent Craig P. Kennedy ("Respondent" or "Mr. Kennedy"), by and through his undersigned counsel, respectfully submits this Memorandum of Law in opposition to the Motion of Applicant, the Securities and Exchange Commission ("Applicant" or the "Commission"), for an order requiring that Mr. Kennedy provide additional material in response to a subpoena *duces tecum* (the "Subpoena") served by the Commission.

## PRELIMINARY STATEMENT

In connection with its investigation of potential insider trading involving SenoRX, Inc. ("Seno"), a California corporation, headquartered in California, the Commission subpoenaed Mr. Kennedy, a lawyer licensed to practice law in California, who lives and works in California. Mr. Kennedy was subpoenaed in California and is scheduled to be deposed by the Commission in Los Angeles on June 20, 2012.

Mr. Kennedy provided substantial materials in response to the Subpoena, but he redacted his contact lists and calendars to avoid identifying his clients. As a matter of California law, Mr. Kennedy is prohibited from disclosing the identify of his clients. This is not an assertion of

1

attorney/client privilege. Rather, as is detailed below, the applicable California statutes require each active member of the State Bar of California to preserve in secret the identity of any past or present clients.

Accordingly, the Commission's application should be denied. First, given the overwhelming connection between this matter and California – with respect to the underlying investigation, the location of Mr. Kennedy and the application of California law – this matter should be heard in the United States District Court for the Central District of California. Second, should this Court determine that it must reach the merits of the application, the Commission's demand is both contrary to California law and overbroad, and should be denied accordingly.

## STATEMENT OF THE FACTS

Mr. Kennedy is an attorney and is a member of McNeil, Tropp, Braun & Kennedy LLP, a law firm located in Costa Messa, California. (*See*; Declaration of Peter Brown Dolan ("Dolan Dec."), dated May 24, 2012, at ¶ 4 and Ex. B; http://www.mtbklaw.com/contact_us.htm (last checked May 23, 2012).). He went to college and law school in California, and is admitted to practice in the State courts of California, and the Southern, Central, and Eastern Federal District Courts in California. *See* http://www.mtbklaw.com/partners.htm (last checked May 23, 2012).

Upon information and belief, Seno is a Delaware corporation with its principal place of business in Irvine, California. *See* http://www.medicexchange.com/listing/SenoRx.html (last checked May 23, 2012). Seno "was founded in 1998 to design, develop, manufacture and market minimally invasive devices for the diagnosis and treatment of breast cancer." http://www.senorx.com/index.asp (last checked May 23, 2012). The application at issue arises from an investigation by the Commission concerning "possible insider trading in the securities of [Seno] in advance of the May 5, 2010 public announcement of a merger between Seno and C.R.

Bard, Inc." (Declaration of Barry A. Kamar in Support of Securities and Exchange Commission's Application for an Order to Show Cause and for an Order Requiring Compliance With Subpoena ("Kamar Dec."), dated May 17, 2012, at ¶¶ 2-3.)

Apparently, the Commission is interested in Mr. Kennedy because it asserts that he and his wife purchased $30,000 worth of Seno shares on or about March 19, 2010, almost two months prior to the announcement of the merger, and because the Kennedy's son-in-law was, at the time, an employee of Seno. (Kamar Dec. ¶ 5.) In fact, Mr. Kennedy did not purchase a single share of Seno. Rather, shares were purchased by his wife in connection with funds she received as the beneficiary of both her deceased mother's trust, and her deceased aunt's trust. This was *separate property* under California marital property law, and Mr. Kennedy had no knowledge of the purchase prior to receiving the Subpoena at issue. (Dolan Dec. ¶ 8.)

On or about February 27, 2012, the Commission issued and served the Subpoena, calling for the production of numerous documents. The Subpoena was delivered to Mr. Kennedy by courier at his home in Corona Del Mar, California. (Kamar Dec. Ex. 1.) In response, Mr. Kennedy produced numerous documents through his California counsel. In addition, Mr. Kennedy agreed to be deposed by the Commission, on June 20, 2012, in Los Angeles, California. (Dolan Dec. ¶ 4.) We understand that the Commission will be in California in and around that week deposing a number of potential witnesses, including Mr. Kennedy's wife, daughter and son-in-law, and at least three other individuals. (*Id.*)

The Commission and Mr. Kennedy's California counsel have engaged in a back-and-fourth regarding the sufficiency of Mr. Kennedy's response. Mr. Kennedy's counsel advised the Commission that Mr. Kennedy would subject himself to potential action by the State Bar of California if he disclosed the identities and other information concerning his clients. (Dolan

3

Dec. ¶¶ 7-9.)  Mr. Kennedy offered that if the Commission provided a list of Seno purchasers, he would check to see if any were clients, but the Commission declined.  (Dolan Dec. ¶ 6.)

Mr. Kennedy's counsel further informed the Commission that Mr. Kennedy is currently out of the country and would be until May 30, 2012.  (Dolan Dec. ¶ 3 and Ex. C.)  Nonetheless, the Commission filed the pending application on May 17, 2012, in this Court, seeking an order requiring Mr. Kennedy produce un-redacted copies of his calendars, date books, contact folders and address books, in New York.  For the reasons set forth below, Mr. Kennedy respectfully submits that the application should be denied.

## ARGUMENT

### I. THE MOTION TO COMPEL SHOULD BE DENIED

Initially, Respondent respectfully submits that this Court should not determine the application to compel further disclosure at all, because venue is not proper in this District, where none of the relevant parties are located.  Alternatively, the motion should be denied because California law expressly precludes the disclosures sought by the Commission.

#### A. The Standard of Review

Given the context of this proceeding, the Commission's Application is to be treated as a motion for summary judgment. *See, e.g., Winters Ranch P "ship v. Viadero*, 123 F.3d 327, 331 (5th Cir. 1997) (Inspector General's motion for enforcement of subpoena was properly treated as motion for summary judgment under Rule 56); *Takazato v. Federal Maritime Comm'n*, 633 F.2d 1276, 1277 (9th Cir. 1980) (same); *Shasta Minerals & Chem. Co. v. SEC*, 328 F.2d 285, 288 (10th Cir. 1964) (same).  As such, the Commission – the moving party here – has the burden of establishing that there is "no genuine issue as to any material fact." *Winters Ranch P "ship*, 123 F.3d at 331 (citing Fed. R. Civ. P. 56(c)).  Moreover, in resolving the application, "all inferences

4

must be viewed in a light most favorable to the non-moving party." *Maydak v. United States*, 363 F.3d 512, 515 (D.C. Cir. 2004).

B.  **Venue is Not Proper in This District**

The Commission asserts that venue properly lies within the Southern District of New York pursuant to Section 21(c) of the Exchange Act, 15 U.S.C. § 78u(c).  (Kamar Dec. ¶ 9.) Section 21(c) provides, in relevant part, as follows:

> In case of contumacy by, or refusal to obey a subpoena issued to, any person, the Commission may invoke the aid of any court of the United States within the jurisdiction of which such investigation or proceeding is carried on, or where such person resides or carries on business, in requiring the attendance and testimony of witnesses and the production of books, papers, correspondence, memoranda, and other records.

Mr. Kennedy does not reside or carry on business in New York.  Thus, venue in this District would only be proper if the "investigation or proceeding is carried on" here, but it is not. As is detailed above, Seno is located in California, and testimony is being taken there.  Absent any factual connection to the subject matter of the Commission's inquiry, this District is not a proper venue for this action. *See, e.g., FTC v. MacArthur*, 532 F.2d 1135, 1140 (7th Cir. 1976) (key inquiry is whether venue bears a "reasonable relation to the subject matter of the investigation"); *FTC v. Western General Dairies, Inc.*, 432 F. Supp. 31, 34 (N.D. Cal. 1977) (for venue to be appropriate, "activities under investigation" must "bear a reasonable relationship to th[e] district").

It would appear that New York has been selected merely for the convenience of the Commission.  Courts have held, however, that the Commission's choice of a particular office to conduct the investigation does not mean that the investigation is being "carried on" in that district for purposes of venue.  Indeed, in a case directly on point, the Northern District of

Georgia held that venue was not proper under § 78u(c) even though the Commission had assigned the investigation at issue to its Atlanta office. *See SEC v. Financial Insts. Assur. Corp.*, No. C85-1912A, 1985 WL 1562, at *2 (N.D. Ga. Mar. 18, 1985). There, even though all of the Commission's officers involved in the investigation were employed by the Atlanta office, and even though the subpoenas had been issued by the Atlanta office and were returnable at the Atlanta office, none of the underlying events being investigated had taken place in Georgia. Therefore, the court dismissed the application to enforce the subpoena, holding as follows:

> The only connection between this case and this district is the fact that the SEC has, presumably for reasons of its own convenience, chosen to have the Atlanta office monitor this investigation. As far as the court can see the choice of the Atlanta office is in no way related to the focus of the investigation. . . . In the present case the court sees no basis for allowing the SEC to enforce a subpoena in a district bearing no relationship to the focus of the investigation.

*Id.* The Northern District of California came to the same result, under very similar circumstances, in *FTC v. Western General Dairies, Inc.*, 432 F. Supp. 31 (N.D. Cal. 1977). There, the relevant statutory provision allowed the FTC to enforce subpoenas in district courts, "within the jurisdiction of which such inquiry is carried on." 15 U.S.C. § 49. The activity that the FTC was investigating had no connection with the Northern District of California, but the FTC issued subpoenas from its office in that district, and thus argued that its inquiry was being "carried on" there. The court rejected that argument, noting that the FTC's interpretation "effectively emasculates the language of section 9 and makes the choice of forum wholly capricious." 432 F. Supp. at 33.

Here, the Commission says nothing about the location of its investigation. As it describes the proceedings in its papers, the Commission is investigating whether Mr. Kennedy, his wife or his son-in-law engaged in "insider trading" prior to the merger of Seno and C.R. Bard, Inc.

6

(Commission Memorandum of Law at 2-3.) Seno is located in California. Mr. Kennedy, his wife, his daughter and his son-in-law, and others, are all scheduled to be deposed in California in the coming weeks. (Dolan Dec. ¶ 4.)

While it might be convenient for the Commission to use its staff members located in New York in connection with this investigation, there is no other connection to this State, much less this District, and therefore no basis to file a motion to compel here. Moreover, as is more fully explained below, Mr. Kennedy's objections to the Subpoena are premised on provisions of California law, including the Constitution of the State of California and the California Rules of Professional Conduct. It makes no sense, lacking any other connection to this District, for this Court to opine on matters of California law.

Thus, Mr. Kennedy anticipates moving to dismiss this proceeding for lack of venue or, alternatively, to transfer this matter to the United States District Court for the Central District of California, Southern Division. In the interim, the pending application should be denied.

### C. California Law Precludes the Disclosures Sought

Because venue is not proper in this District, Respondent respectfully submits that the Court need not reach the merits of the application to compel further disclosure. In the event that the Court determines to review those merits, however, Respondent further submits that California law expressly precludes the disclosures now demanded by the Commission.

Mr. Kennedy cannot comply with the Subpoena without subjecting himself to a potential action by The State Bar of California. California Business and Professions Code § 6068 requires that an attorney "maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." This is a duty of confidentiality that, as interpreted by

7

the California courts, is "broader than the attorney-client privilege." *Dietz v. Meisenheimer & Herron*, 177 Cal.App.4th 771, 786, 99 Cal.Rptr.3d 464, 475 (4th Dist. 2009); *see also City and County of San Francisco v. Cobra Solutions, Inc.*, 38 Cal.4th 839, 846, 135 P.3d 20, 24-25 (Cal. 2006) (discussing the attorney's duty of confidentiality, "which fosters full and open communication between client and counsel . . . . [and which] survives the termination of the attorney's representation."). The duty is expressly referenced in Rule 3-100 (A) of the California Rules of Professional Conduct, which provides that "[a] member shall not reveal information protected by Business and Professions Code section 6068, subdivision (e)(l) without the informed consent of the client ."

Accordingly, the cases cited by the Commission broadly regarding attorney-client privilege are not germane.[1] The provisions of California law relevant here are broader than the attorney-client privilege and impose ethical obligations on Mr. Kennedy that cannot be disregarded at the whim of the Commission. In order to provide the information sought by the Commission and still comply with California law, Mr. Kennedy would be required to obtain the informed consent of each client identified in his records. In doing so, Mr. Kennedy would be required to advise each of his clients that the Commission has demanded that he provide their names, addresses, telephone numbers and email addresses (all of which are contained in his Microsoft Outlook contacts list). This is manifestly unreasonable and unwarranted, and likely would cause a firestorm of inquiries from his clients.

---

[1] The only case cited by the Commission that deals directly with assertions of confidentiality under California Business and Professions Code § 6068 and the California Rules of Professional Conduct involved express statutory authority for the disclosure at issue. *United States v. California Rural Legal Assistance, Inc.*, 824 F. Supp. 2d 31, 42 (D.D.C. 2011) (relying on Section 509(b) of the California Legal Services Corporation Act).

In addition to the statutory and professional conduct rule obligations which Mr. Kennedy has, his clients are manifestly entitled to the protections of Article 1, § 1 of the Constitution of the State of California which provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending, acquiring, possessing, and protecting, and pursuing and obtaining safety, happiness, and privacy."

Mr. Kennedy provided the Commission with a less intrusive option to provide the information required, but the Commission has refused.  It should not now be permitted to compel Mr. Kennedy to disregard his obligations under California law and, to the extent that it seeks to do so, the application reasonably should be considered by a court in California.

## **CONCLUSION**

For the foregoing reasons, Respondent Craig P. Kennedy respectfully requests that this Court deny the Commission's application for an order requiring further compliance with the Subpoena, and order such other and further relief as the Court deems just and proper.

Dated:  May 25, 2012
       New York, New York

                                            /s/ Richard C. Schoenstein
                                            Richard C. Schoenstein (RS-9376)
                                            SATTERLEE STEPHENS BURKE &
                                            BURKE LLP
                                            230 Park Avenue
                                            New York, New York  10169
                                            Phone: (212) 404-8707
                                            Fax: (212) 818-9606
                                            rschoenstein@ssbb.com

                                            Attorneys for Respondent
                                            Craig P. Kennedy

1427611_1