UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION, :
: Misc. No. 12-00169 (JGK)
              Applicant, : ECF Case
  -against- :
:
CRAIG P. KENNEDY, :
:
              Respondent. :
-------------------------------------------------------------------x

### REPLY IN FURTHER SUPPORT OF SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND FOR AN ORDER REQUIRING COMPLIANCE WITH SUBPOENA

    Applicant Securities and Exchange Commission ("Commission"), by and through its undersigned counsel, respectfully submits this Reply in Further Support of its Application for an Order to Show Cause and an Order Requiring Compliance with Subpoena ("Application").

### ARGUMENT

    The sole substantive issue before the Court is whether the respondent Craig P. Kennedy ("Kennedy") can avoid complying with the Commission's investigative subpoena ("Subpoena") calling for the disclosure of his clients' identities, based on general state law principles of confidentiality. At least two different circuit courts of appeal have already considered this issue – one of which construed the exact same provisions of California State law that Kennedy is asserting here – and held that those state law provisions do not apply to federal subpoenas. (*See* Commission Memorandum of Law at p. 8). Indeed, on their face, the state law provisions in question do not specifically preclude the disclosure of a client's identity and Kennedy has not provided a single case in support of his proposition that they do.

    Under Section 21(c) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(c), the

Commission had discretion to file this Application in the jurisdiction where the Commission's investigation is being carried on. In determining where an investigation is being "carried on," courts afford substantial weight to the location of the Commission's staff conducting the investigation, which in this case is New York. *See, e.g., SEC v. Knowles*, 902 F. Supp. 211 (D. Colo. 1995) ("It is uncontested that the Commission's investigation is taking place out of the Denver office. Thus, the Commission has properly sought the jurisdiction of this court [under Section 21(c)]."); *SEC v. Smith*, 1992 WL 67832, at *3 (N.D. Ill. Mar. 26, 1992) (denying motion to transfer venue to Michigan because investigation was being carried out by Commission's Chicago office). New York is also where the Subpoena was issued and the correspondence concerning it emanated.

Kennedy cites *SEC v. Financial Insts. Assur. Corp.*, No. C85-1912A, 1985 WL 1562 (N.D. Ga. Mar. 18, 1985) based on the incorrect assumption that all of the witnesses, documents and underlying facts of the Commission's investigation are in California and that there is no connection to New York other than that the Commission staff is based there. In fact, the Commission's investigation is nationwide and involves witnesses and documents that are located in several states, including New York. (Declaration of Barry Kamar ("Kamar Decl.) ¶ 4.) Given the multiplicity of jurisdictions that the investigation covers, the Commission's decision to file its Application in New York should be given even more weight. *See FEC v. La Rouche*, 613 F. 2d 849 (D.C. Cir. 1979) (agency's decision to file subpoena enforcement action in jurisdiction where investigating staff was located was proper because, among other things, investigation was nationwide).

The Commission's decision to conduct this investigation in New York is also reasonable because there are several substantive connections to New York. For example, numerous

investors of SenoRX, Inc., including some that the Commission is investigating, are New York residents; the suspicious trading activity at issue occurred through the NASDAQ stock exchange in New York where SenoRX was listed as a publicly-held company; and the public announcement around which the suspicious trading activity occurred related to the acquisition of SenoRX by a New Jersey-based company, C.R. Bard, Inc. (Kamar Decl. ¶¶ 3, 4.) Thus, there is a sufficiently reasonable relationship between the Commission's investigation and New York and the Commission's decision to file this Application and conduct the underlying investigation in New York does not exceed the bounds of reasonableness. *See La Rouche*, 613 F. 2d at 854 ([S]ubject to the 'bound of reasonableness,' an agency should be given substantial leeway in selecting its place of inquiry for subpoena enforcement purposes.") Moreover, dismissal or transfer on venue grounds would serve no purpose at this point other than to further delay the Commission's access to the subpoenaed information.

## **CONCLUSION**

For these reasons, and those offered in the Commission's original moving papers, the Commission respectfully requests that the Court order Kennedy to fully comply with the Subpoena and produced un-redacted copies of his contact lists and calendars.

Dated:  May 28, 2012
       New York, New York

                         SECURITIES AND EXCHANGE COMMISSION

              By: _____
                        Barry A. Kamar
                        Leslie Kazon
                        Attorneys for Plaintiff
                        Securities and Exchange Commission
                        New York Regional Office
                        3 World Financial Center
                        New York, NY  10281-1022
                        (212) 336-0090 (Kamar)
                        Kamarb@sec.gov